**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

LEROY LEE, JR.,

    Petitioner,

v.

WARDEN SUZANNE R. HASTINGS,

    Respondent.

CIVIL ACTION NO.: 2:14-cv-149

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Leroy Lee, Jr. ("Lee"), who is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was housed at the Federal Correctional Facility in Jesup, Georgia. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 11.) Lee failed to file a Response to the Motion, despite asking for and receiving an extension of time to do so. (Docs. 13, 14.) For the reasons which follow, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, Lee's Petition be **DISMISSED**, and this case be **CLOSED**.

BACKGROUND

Lee pleaded guilty, in the Middle District of Georgia, to: armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] (Doc. 11-1, pp. 2, 5.) Lee's plea agreement stated that he faced a minimum mandatory sentence of 84 months' imprisonment on the firearm count.

---

[1] Lee was also indicted for armed automobile hijacking, in violation of 18 U.S.C. § 2151(1), and possession of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). These counts were dismissed as part of Lee's plea agreement. (Doc. 11, p. 2.)

Lee agreed with the factual statement contained in the plea agreement that the bank was robbed by someone "brandishing" a firearm, and he admitted to robbing the bank "at gunpoint." (Case No. CR607-4, Doc. 25 M.D. Ga. Apr. 25, 2007.) Lee was sentenced to 100 months' imprisonment on the armed robbery count and to 84 months' imprisonment on the firearm count to be served consecutively to the armed robbery sentence for a total sentence of 184 months' imprisonment. (Doc. 11, p. 2.) Lee's counsel filed an <u>Anders v. California</u>, 386 U.S. 738 (1967), brief. The Eleventh Circuit Court of Appeals agreed there were no arguable issues of merit for appeal and affirmed Lee's convictions and sentence. (Case No. CR607-4, Doc. 42 M.D. Ga. Apr. 18, 2008.)

On September 3, 2013, Lee filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Georgia and asserted, in relevant part, the district court improperly enhanced his sentence on the firearm offense without a finding from a jury. The district court determined Lee's petition was untimely filed. (Docs. 11-3, 11-4.) Lee did not file an appeal.

## DISCUSSION

In his instant Petition, filed on October 2, 2014, Lee asserts he is actually innocent of the application of Section 924(c)'s enhancement on his sentence, as he entered into a plea agreement with the Government unknowingly and involuntarily. Lee states he must proceed pursuant to Section 2241 because his "claims are clearly barred from a 2255 motion proceeding" based on the procedural restrictions applicable to Section 2255 motions. (Doc. 1, p. 2.) Lee avers his plea for violating Section 924(c) was interpreted as "brandishing" being a sentencing factor and not an element of the crime he actually committed. According to Lee, he is actually innocent of the brandishing element of the crime and the statutory minimum sentence accompanying that

2

element. Lee asserts the Government had to prove beyond a reasonable doubt he brandished a firearm rather than merely used one in any other way described in Section 924(c)(1)(A)(ii). Lee maintains he should have been sentenced to 60 months' imprisonment on the Section 924(c) conviction rather than the 84 months' imprisonment he received. Lee bases his assertions on the decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013).[2]

Respondent asserts Section 2241 relief is not available to Lee because he does not satisfy the savings clause of Section 2255. Respondent maintains the remedy afforded by Section 2255 is not inadequate or ineffective merely because a prisoner cannot comply with that Section's procedural requirements, such as being barred by the statute of limitations period or based on the bar on filing second or successive motions.

**I.   Section 2241 Petition**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

---

[2] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

3

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

4

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that: throughout his sentencing, direct appeal, and first Section 2255 proceeding, binding Eleventh Circuit precedent had specifically addressed and squarely foreclosed the petitioner's current claim; subsequent to his first Section 2255 proceeding, the Supreme Court overturned that precedent; the Supreme Court's new rule applies retroactively on collateral review; and as a result of that new rule, the petitioner's sentence exceeds the statutory maximum. See Bryant, 738 F.3d at 1274. A petitioner must satisfy all of these requirements to obtain relief under Bryant.

Under Bryant, Lee must establish that the rule announced in the case upon which he relies, Alleyne, applies retroactively to cases on collateral review. Following its decision in Bryant, the Eleventh Circuit has stated that Alleyne does not apply retroactively to cases on collateral review. In Chester v. Warden, 552 F. App'x 887, 890 (11th Cir. 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." The Eleventh Circuit stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review."[3] Id. at 891 (citation omitted). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive

---

[3] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

5

through any combination of cases that necessarily dictate retroactivity." United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (citation omitted).

The Supreme Court's decision in Schriro v. Summerlin, 542 U.S. 348 (2004), supports the determination that decisions based upon Apprendi are not retroactively applicable on collateral review. The Supreme Court held in Schriro that the decision in Ring v. Arizona, 536 U.S. 584 (2002)—a case also based upon the principle established in Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

Lee previously brought a Section 2255 motion in the district of his conviction, which was denied as untimely filed. The mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make that Section's remedy inadequate or ineffective. See Jones v. Warden, FCC Coleman, Medium, 520 F. App'x 942, 945 (11th Cir. 2013). Though Lee states he is proceeding under Section 2241, it appears he is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Lee relies upon Alleyne, which is merely an extension of Apprendi, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause or to proceed under Section 2255(h). Lee does not satisfy

the savings clause, and the Court need not address the relative merits of his Section 2241 petition. Because Lee has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Even if the Court were to entertain the relative merits of Lee's Section 2241 petition, he would not be entitled to his requested relief. First, Lee stipulated in his plea agreement that the bank was robbed by an individual who brandished a firearm during the robbery. Lee admitted to the essential elements of the Section 924(c) offense, and there was no Alleyne violation. (Case No. CR617-4, Doc. 25) (M.D. Ga. Apr. 25, 2007.) Further, there is no statutory maximum sentence applicable to violations of Section 924(c), and thus, no Apprendi violation. 18 U.S.C. § 924(c)(1)(A) (any person who uses, carries, or possesses a firearm in connection to a crime of violence or drug trafficking offense shall be sentenced to a *minimum* of 5 years' imprisonment, in addition to the sentence for the underlying offense).

For these reasons, the Court should deny Lee's petition to set aside, modify, or correct his sentence.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Lee leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Lee has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind.");

Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Lee's petition and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, (doc. 11), be **GRANTED**. It is also my **RECOMMENDATION** that Lee's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), be **DISMISSED** and this case be **CLOSED**. I further **RECOMMEND** that Lee be **DENIED** leave to proceed *in forma pauperis* on appeal and a certificate of appealability.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Lee and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA